IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,809




Ex parte MICHAEL DEE HOWARD, Applicant



ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 4321-A IN THE 216TH DISTRICT COURT
FROM GILLESPIE COUNTY



                      Keller, P.J., delivered the opinion of the Court in which Price,
Womack, Johnson, Hervey, Cochran, and Alcala, JJ., joined. Keasler, J., filed
a dissenting opinion. Meyers, J., did not participate.


            This is an application for a writ of habeas corpus. The habeas judge originally recommended
that we grant relief in the form of a new trial because of counsel’s deficient performance in failing
to have mental-health experts appointed and in failing to properly investigate and present an insanity
defense. We originally filed and set this application to determine whether applicant was prejudiced
at the guilt phase of trial by counsel’s deficient performance. We concluded that applicant was not
prejudiced at the guilt phase because Texas law prevents the consideration at guilt of evidence of
insanity caused by voluntary intoxication.


 But because Texas law allows consideration of such 
evidence at punishment, and the habeas judge had recommended granting relief, we remanded the
proceeding to the habeas judge for findings of fact on whether applicant was prejudiced with respect
to the issue of punishment.


 In his findings of fact and conclusions of law on remand, the habeas
judge concludes that applicant was prejudiced with respect to the issue of punishment. The record
supports the habeas judge’s conclusion in this regard. Consequently, we grant applicant relief in the
form of a new punishment hearing and remand this case to the trial court for that purpose. 

Delivered: April 2, 2014
Publish